# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:16CV002-DSC

| | |
|---|---|
| GRADY AUSTIN POTTER,<br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social<br>Security Administration,<br>　　　　Defendant. | **MEMORANDUM AND ORDER<br>OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #10) and Defendant's "Motion for Summary Judgment" (document #11), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Supplemental Security Income benefits ("SSI") is not supported by substantial evidence. Accordingly, the Court will grant Plaintiff's Motion for Summary Judgment; deny Defendant's Motion for Summary Judgment; reverse the Commissioner's decision; and remand this matter for further proceedings consistent with this Memorandum and Order.

## I. PROCEDURAL HISTORY

The procedural history is not in dispute. The Court adopts the procedural history stated in the parties' briefs.

Plaintiff filed the present action on January 6, 2016. Plaintiff assigns error to the Administrative Law Judge's (ALJ) failure to consider a favorable decision by the North Carolina Department of Health and Human Services (NCHHS) on his application for Medicaid benefits. (Tr. 52, 243-46); Plaintiff's "Memorandum in Support ... " at 3-6 (document #10-13), Plaintiff's "Reply Brief …" at 1-4 (document #13).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the

responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

Plaintiff assigns error to the ALJ's failure to consider the November 25, 2013 decision by NCHHS awarding him Medicaid benefits. (Tr. (Tr. 243-46).

The record must contain a thorough analysis of the evidence that forms the basis for the ALJ's decision. The record should include a discussion of which evidence the ALJ found credible and why, as well as the application of relevant legal standards to that evidence. If the reviewing court is not able to evaluate the basis for the ALJ's decision, then "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Radford v. Colvin, 734 F.3d 288, 295-96 (4th Cir. 2013) ("Just as it is not our province to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ] … it is also not our province—nor the province of the district court—to engage in these exercises in the first instance") (internal citation omitted). (citations omitted)(emphasis added).

3

The Fourth Circuit recently held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013).

Social Security Ruling 06-03p provides "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." See also Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337 (4th Cir. 2012) (error for ALJ to afford no weight to a Veterans Administration disability rating). A North Carolina Medicaid determination is based upon the same standard of disability as is applied by the Social Security Administration. N.C. Gen. Stat.§108A-56, see Lackey v. Dep't of Human Resources, 306 N.C. 231, 236, 293 S.E.2d 171, 175 (1982).

Applying those legal principles to the record here, the Court concludes that this matter should be remanded for a new hearing. The ALJ failed to consider the Medicaid determination and explain why his decision differed from that determination. Accordingly, the ALJ's decision denying benefits at is not supported by substantial evidence.

## IV. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. Plaintiff's "Motion For Summary Judgment" (document #10) is **GRANTED**; Defendant's "Motion for Summary Judgment" (document #11) is **DENIED**; and the Commissioner's decision is **REVERSED.** This matter is **REMANDED** for a new hearing

pursuant to Sentence Four of 42 U.S.C. § 405(g).[1]

    2.    The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: August 25, 2016

David S. Cayer
United States Magistrate Judge

---

[1] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).